(6 Misc. Rep. 219.)

### NICHOLS et al. v. BAUMAN.

(City Court of New York, General Term. December 8, 1893.)

GUARANTY—REVOCATION.

In an action on a guaranty that one B. would pay for goods sold to him by plaintiff not to exceed $200, defendant testified that he had given notice of revocation of the guaranty before the sale. There was no evidence that anything was due at the time the notice was alleged to have been given. *Held,* that the question as to whether the guaranty was revoked should have been submitted to the jury.

Appeal from trial term.

Action by James E. Nichols and others against Herman Bauman. There was judgment in favor of plaintiffs, and defendant appeals. Reversed.

Argued before EHRLICH, C. J., and McCARTHY and NEWBURGER, JJ.

Barker & Wilson, for appellant.
Henry D. Hotchkiss, for respondents.

NEWBURGER, J. This action is brought on a written guaranty by the defendant, running to the plaintiffs, to the effect that one Hirsch Bauman would pay for all goods sold to him by the plaintiffs, defendant's liability not to exceed $200. The claim of the plaintiffs is for the full amount guarantied, the complaint setting up sales of merchandise to Hirsch Bauman between the 25th day of February and the 7th day of March, 1891, exceeding $200 in value. The defendant set up, as an affirmative defense, an allegation that after payment in full by the debtor he notified plaintiffs that he would withdraw his guaranty, and that all subsequent sales by them to the debtor would be on the responsibility of the latter alone, and that the guaranty was canceled by the act of the parties. At the opening of the trial, defendant admitted all the allegations of the complaint, and was allowed the affirmative. The defendant testified that in the latter part of January, 1891, he had a conversation with one Bowers, a salesman of the plaintiffs, whom he told that he would withdraw his guaranty. Mr. Bowers declined to receive this notice, and told defendant to go over to the cash window and make his request there. That defendant then went over to the cash window, and told the party there that he withdrew his guaranty. The person at the window told the defendant to put his notice in writing, which defendant claims he did. The goods sued for were subsequently sold and delivered. At the close of defendant's case, the plaintiffs moved for a direction of a verdict, and the defendant asked to go to the jury upon the testimony as to a written notice. The trial justice directed a verdict for the plaintiffs. The defendant excepted to this direction, as well as to the court's refusal to submit to the jury. We think the case should have been submitted to the jury as to the question whether the defendant had given written notice of his revocation. While it is true that the guaranty, by its terms, is a continuing one, it could be revoked by the defendant upon proper

notice to the plaintiffs if at the time of such notice all sums due had been paid. There is no evidence to show that at the time of the notice there was any sum due, and the trial justice should have submitted to the jury whether notice had been given, and was the notice served on a person authorized to receive such notice. The judgment must therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.